**AWARD**
FINRA Office of Dispute Resolution

CASE NUMBER: 19-03512

Wells Fargo Clearing Services, LLC d/b/a Wells Fargo Advisors, LLC vs. Leonard Gilroy-Solano

REPRESENTATION OF PARTIES:

For Claimant Wells Fargo Clearing Services, LLC d/b/a Wells Fargo Advisors, LLC ("Claimant"): Miles D. Hart, Esq., Jonathan M. Sterling, Esq., and Irit Walters, Esq., Saretsky Hart Michaels + Gould PC, Birmingham, Michigan.

Respondent Leonard Gilroy-Solano ("Respondent") did not appear.

NATURE OF DISPUTE: Member vs. Associated Person

DATE FILED: November 25, 2019

CASE SUMMARY: Claimant asserted the following causes of action: breach of contract, promissory estoppel, and unjust enrichment. The causes of action relate to Claimant's allegation that Claimant made three loans to Respondent and, in consideration of the loans, Respondent executed three promissory notes in favor of Claimant dated December 6, 2012 ("Note 1"), March 14, 2014 ("Note 2"), and March 13, 2015 ("Note 3", and together with Note 1 and Note 2, collectively, the "Notes"). Claimant further alleges that, when Respondent's employment with Claimant ended, the Notes became due and owing but Respondent failed to repay Claimant the balance due on the Notes, despite multiple written demands.

RELIEF REQUESTED: In the Statement of Claim, Claimant requested that it be granted an Award against Respondent in the amount of $234,552.44, plus interest accruing from the date of his resignation until the full payment of the Notes, plus all costs and expenses, including but not limited to reasonable attorneys' fees incurred by Claimant in enforcing the Notes.

In its submission dated February 21, 2020, filed in response to the Arbitrator's Order dated February 12, 2020, Claimant requested that an Award be issued in its favor in the amount of $244,766.48 (including interest owed as of February 19, 2020), plus attorneys' fees and costs, which total $13,653.10, and interest through the date of payment.

AWARD: The Arbitrator has decided and determined in full and final resolution of the issues submitted for determination as follows:

   1) Respondent is liable for and shall pay to Claimant:

    a) The sum of $146,699.66 in compensatory damages on Note 1; plus interest accruing on that sum at the rate of 5.39% per annum from February 19, 2020 through and including the date this Award is paid in full;

    b) The sum of $45,572.33 in compensatory damages on Note 2; plus interest accruing on that sum at the rate of 6.31% per annum from February 19, 2020 through and including the date this Award is paid in full; and

    c) The sum of $52,494.49 in compensatory damages on Note 3; plus interest accruing on that sum at the rate of 5.17% per annum from February 19, 2020 through and including the date this Award is paid in full.

2) Respondent is liable for and shall pay to Claimant the sum of $9,828.10 in attorneys' fees, pursuant to the terms of the Notes.

3) Respondent is liable for and shall pay to Claimant the sum of $1,000.00 in costs as reimbursement for the non-refundable portion of the filing fee previously paid to FINRA Office of Dispute Resolution.

4) Respondent is liable for and shall pay to Claimant the sum of $300.00 as reimbursement for the paper decision fee previously paid to FINRA Office of Dispute Resolution.

5) All other relief requests are denied.

FEES: Claimant has paid to FINRA Office of Dispute Resolution the $1,700.00 Member Surcharge Fee and the $3,250.00 Member Process Fee previously invoiced.

Claimant has also paid to FINRA Office of Dispute Resolution the $1,000.00 non-refundable portion of the filing fee and the $300.00 Paper Decision Fee.

OTHER ISSUES: The Arbitrator acknowledges that she has read the pleadings and other materials filed by Claimant.

Respondent did not file a Statement of Answer. Accordingly, this matter proceeded pursuant to Rule 13806 of the Code of Arbitration Procedure.

The Arbitrator determined that Respondent was served with the Claim Notification letter, dated November 25, 2019, by regular mail and the Overdue Notice (including the Statement of Claim), dated January 15, 2020, by regular mail. The Arbitrator also determined that Respondent was served with the Notification of Arbitrator, dated February 5, 2020, by regular and certified mail, as evidenced by the USPS tracking information available online.

The Claim Notification letter notified Respondent that FINRA rules require parties to use the online DR Portal on a mandatory basis (except pro se investors) and that failure to register for the DR Portal prevents the submission of pleadings, selection of arbitrators,

and receipt of notifications relating to case information and deadlines. Respondent failed to register for the DR Portal.

Therefore, the Arbitrator determined that Respondent is bound by the Arbitrator's ruling and determination.

# ARBITRATOR

  Tracy L. Allen  -  Sole Public Arbitrator

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

**Arbitrator's Signature**


*Tracy L. Allen*         03/19/2020
Tracy L. Allen         Signature Date
Sole Public Arbitrator


March 19, 2020

Date of Service (For FINRA Office of Dispute Resolution office use only)